

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2008

# Tufaro v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tufaro v. Holt" (2008). *2008 Decisions.* Paper 497.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/497

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2724
_____


DOMINIC TUFARO,
*Appellant*

vs.

WARDEN RONNIE HOLT,
*Appellee*


_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(Civil No. 3:05-cv-00069)
District Court Judge: Honorable Thomas I. Vanaskie
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2008
_____

Before: BARRY, AMBRO and GARTH, *Circuit Judges*,

(Opinion Filed September 24, 2008)

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Tufaro was arrested on December 9, 1982, and held under two indictments. On July 7, 1983, he was sentenced to a prison term of 15 years on the indictment under docket number 75-CR-0687-06. On May 1, 1984, he received a second sentence of 40 years on the indictment under docket number S82-CR-0838-01. Both sentences were to be served concurrently.

Tufaro was held at the Metropolitan Correctional Center throughout this interim until he was transferred on May 8, 1984, to the United States Penitentiary at Lewisburg, Pennsylvania. He received pre-sentence credit for the time spent in custody from December 9, 1982, to July 6, 1983, the day before his first sentence was imposed. But the 297 days he served from July 7, 1983, the date of his first sentence, to April 30, 1984, the day before his second sentence, were credited only as time served under his first, 15-year sentence.

Tufaro now complains that the 297 days should have been credited as pre-sentence custody toward his 40-year sentence because his sentences did not commence to run until he was received at the Lewisburg facility. The District Court, in a comprehensive opinion dated March 15, 2006, denied Tufaro's petition for habeas corpus under 28 U.S.C. § 2241, referring to 18 U.S.C. § 3568, which provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any

-2-

> days spent in custody in connection with the offense or acts for which sentence was imposed. . . .
>
> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

18 U.S.C. § 3568 (repealed).

Under the plain language of the statute, Tufaro's 15-year sentence commenced to run when he returned to the Metropolitan Correctional Center on July 7, 1983. He served 297 days toward this sentence; his subsequent 40-year sentence commenced on May 1, 1984, and ran concurrently only with the remainder of his 15-year sentence. See Shelvy v. Whitfield, 718 F.2d 441 (D.C. Cir. 1983).

Accordingly, we will affirm the District Court's judgment denying Tufaro a writ of habeas corpus substantially for the reasons set forth in Judge Vanaskie's opinion.